IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00303-CV

 

In the
Interest of K.K., L.M., M.M., and T.K.,

Children

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-000440-CV-361

 



DISSENTING Opinion TO ABATEMENT ORDER










 

      I dissent to the new procedure created out
of whole cloth by the majority.

      The hostility continues—unabated.  See In
re M.A.H., No. 10-02-00234-CV, 2004 Tex. App. LEXIS 6913, at *8-*9 (Tex.
App.—Waco July 28, 2004, no pet.) (Gray, C.J., dissenting).  Is it effective
assistance of counsel or is it now the appointment of effective counsel?  See
Brice v. Denton, 135 S.W.3d 139, 146-51 & nn.1-3 (Tex. App.—Waco 2004) (Gray,
C.J., dissenting), pet. denied sub nom. Denton ex rel. A.R.B. v. Brice, No.
04-0391, 2005 Tex. LEXIS 380 (Tex. May 13, 2005) (order) (not designated for
publication).[1]  The
appellate counsel has the option to proceed simultaneously with a writ of
habeas corpus to develop any factual record needed to show counsel’s conduct
and reasons for it.  See Tex.
Fam. Code Ann. § 161.211(a)-(b) (Vernon 2002); see generally
Brice at 155 n.6 (Gray, C.J., dissenting).

      I would affirm the trial
court’s judgment.  More later if this order is set aside by mandamus; if not,
then after the appeal is reinstated.

TOM GRAY

Chief Justice

 

Dissenting
opinion delivered and filed October 19, 2005

[CV06]









      [1]  The Legislature again amended the statutes
governing the appointment of counsel for indigent parents in suits affecting
the parent-child relationship in its last session.  E.g., Act of May 29,
2005, 79th Leg., R.S., ch. 268, § 1.06, 2005 Tex. Sess. Law Serv. 621, 623
(Vernon) (to be codified at Tex. Fam.
Code § 107.013(c)); id. § 1.07, 2005 Tex. Sess. Law
Serv. at 623 (to be codified as an amendment of Tex. Fam. Code Ann. § 107.015(c) (Vernon Supp.
2004-2005)).